UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DENNIS CAJITA AND SHELLA CAJITA,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY

    Defendant.

**NOTICE OF REMOVAL**

    NOW INTO COURT, through undersigned counsel, comes Defendant, ALLSTATE INSURANCE COMPANY (hereinafter referred to as "Allstate") a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3]  Allstate files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court.   Allstate respectfully shows as follows:

I.

    On November 25, 2013, Plaintiffs, Dennis and Shella Cajita, filed a Complaint in the Supreme Court of the State of New York, County of Richmond, entitled *"Dennis Cajita and Shella Cajita v. Allstate Insurance Company,"* bearing case number 101979/13.  A true and

---

[1] *See 42 U.S.C. §4001 et seq.*
[2] *44 C.F.R. §62.23(f).*
[3] *42 U.S.C. §4071(a)(1); Sanz v. U.S. Security Ins. Co., 328 F3d. 1314, 1316 (11th Cir. 2003). See also, Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998).*

{00867248}

1

correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit "A."

II.

For the reasons that follow, Allstate hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, U.S.C. §1337 and 28 U.S.C. §1367.

**A.     REVIEW OF PLAINTIFF'S COMPLAINT**

1.     At paragraph 3, Plaintiffs alleges that Defendant Allstate issued a policy of flood insurance to the Plaintiffs, policy number 3800559340, covering their property located at 481A Father Capodanno Blvd. Place, Staten Island, NY.

2.     At paragraph 3, Plaintiffs allege that such policy was in full force and effect from December 27, 2011 to December 27, 2012.

3.     At paragraph 4 Plaintiffs allege that on October 29, 2012, the Plaintiffs' property was damaged by flood.

4.     At paragraph 5, Plaintiffs allege that in the aftermath of the flood, they notified Defendant of their loss and filed a claim for insurance benefits with Defendant.

5.     At paragraph 7, Plaintiffs allege that Defendant made a partial payment and improperly denied the remainder of their claim.

6.     At paragraph 8, Plaintiffs allege that they filed an administrative appeal of Defendant's partial denial of their claim with the Federal Emergency Management Agency ("FEMA").

7.     At paragraph 9, Plaintiffs allege that FEMA directed Defendant to re-evaluate its

{00867248}

2

assessment of the Plaintiffs' loss, but such reevaluation has not occurred to date.

8.      At paragraph 10, Plaintiffs allege that Defendant has breached the contract between it and the Plaintiffs.

## B.   THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

9.      Congress underwrites all operations of the NFIP through the U.S. Treasury.  This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

10.      Allstate, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

11.      Allstate cannot waive, alter or amend any of the provisions of the SFIP.  *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2009 edition).

12.      Further, Allstate has no authority itself to tailor or alter NFIP policies backed by the government.  44 C.F.R. §62.23.

13.      Allstate's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government.  It is clear that Allstate, in its WYO capacity, is conducting all of these actions in its "fiduciary" capacity as the "fiscal agent" of the United States.  *See* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

{00867248}

3

14.    All flood claim payments made by a WYO Program carrier, such as Allstate, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.   In *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001), the Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid."   Moreover, the Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'"   *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).

15.    Any judgment that might be rendered in this case against Allstate arising out of how it adjusted Plaintiff's SFIP claim would be paid by the federal government, and not by Allstate.   In *Shuford v. Fidelity National Prop. and Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007), the Eleventh Circuit noted that "a suit for benefits under the National Flood Insurance Program raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the National Flood Insurance Program are paid from the federal treasury."   *See also*, *Newton*, 245 F.3d at 1311 and FEMA's explanations to the Fifth Circuit in its *amicus curiae* brief in *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005).

16.    The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.   *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979).   In *West*, 573 F.2d at 881, the original Fifth Circuit stated the following:

{00867248}

Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

## C.    FEDERAL JURISDICTION

### (1).    42 U.S.C. §4072 – Original Exclusive Jurisdiction

17.    42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims handling matters under the SFIP.  In *Shuford*, 508 F.3d at 1344, the Eleventh Circuit held that "we have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law."

18.    Pursuant to 42 U.S.C. §4072, the United States District Court for the district encompassing the insured property as of the date of the loss has "original exclusive" jurisdiction to hear such a case.  *See Shuford,* 508 F. 3d at 1344; *Hairston v. Travelers Casualty & Surety Co.*, 232 F.3d 1348 (11th Cir., 2000); and *Seibels Bruce Ins. Co. v. Deville Condominium Association, Inc.,* 786 So.2d 676 (Fla. App. 1 Dist., 2001).

19.    Plaintiffs are aware of the requirement of filing suit in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss."  Certainly Allstate is not suggesting that jurisdiction could be created by contract, but instead it is pointing out that Plaintiffs were fully aware of the requirement of filing suit in federal court.  Further, because the

{00867248}

SFIP is a codified federal regulation, Plaintiffs are charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

20.    In this case, Plaintiffs alleges that Allstate has not paid for covered losses under the flood policy and has failed to make said payments, thereby breaching its contract of flood insurance. *See* Paragraph 14 of Plaintiffs' Complaint.   Thus, Plaintiffs have made a claim arising out of how Allstate handled the flood loss claim under the SFIP, thereby making removal proper pursuant to 42 U.S.C. §4072.

### (2).    28 U.S.C. §1331 - Federal Question Jurisdiction

21.    Allstate asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA.   As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX.   Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C.§1331.

22.    In order to determine what, if any, U.S. Treasury benefits the Plaintiffs may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP.   Federal common law governs the interpretation of the SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning." *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999).   As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any

{00867248}

6

amounts due under the SFIP would require the interpretation of a federal law which presents a federal question.   Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

23.     Clearly, the payment that the Plaintiffs seeks from Allstate under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *See Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

24.     Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), Allstate asserts that there are multiple federal questions presented within the Plaintiffs' Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

**(3).     Federal Jurisdiction Under 28 U.S.C. §1337**

25.     As an additional basis for federal jurisdiction, Allstate contends that 28 U.S.C. §1337 also applies to the case at bar.   As this Court is well aware, §1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce,...".

26.     In *C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3rd Cir. 2004), the court in analyzing the structure of the NFIP under the *National Flood Insurance Act of 1968, as amended* held that:

> States have no regulatory control over the Program's operations. [FN3].
>
> FN3. The insurance industry in the United States operates in interstate commerce.   States may regulate the insurance industry only to the extent Congress permits.   U.S. Const. art. I, § 8, cl. 3.   The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance."   15 U.S.C. § 1012(b).   In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general."   *Id.* at 38, 116 S.Ct. 1103.   Without

doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

27.     Therefore, original jurisdiction in this Court is conveyed pursuant to 28 U.S.C. §1337.

28.     There is no concurrent subject matter jurisdiction in state courts. *See Hairston v. Travelers Cas. & Surety Co.*, 232 F.3d 1348 (11th Cir.2000); *McCormick v. Travelers*, 103 Cal. Rptr.2d 258 (Cal. App. 1st. Cir. 2001), *review denied*; *Seibels Bruce v. Deville Condominium Assoc.*, 786 So.2d 616 (Fla. Dist. App. 1st Cir. 2001)(reversing a $900,000 judgment for lack of subject matter jurisdiction in state court); and *Battle v. Siebels Bruce Ins. Comp.*, 288 F. 3d 596 (4th Cir. 2002) (wherein the Fourth Circuit vacated an order remanding the case to state court). However, the reverse is true as federal courts do have pendent jurisdiction over state-law-based causes of action. *See Whiting v. Univ. of Southern Miss.*, 451 F.3d 339(5th Cir. 2006) (where action is before federal court on federal question jurisdiction, court may exercise pendent jurisdiction over state law claims where there exists a common nucleus of operative fact).

## D.     THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

29.     To the extent that any of the claims of the Plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

{00867248}

30.     All of the claims put at issue in the Plaintiffs' Complaint arise from the property damage that were allegedly sustained as a result of a flood.   As such, all of the Plaintiffs' legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom.   Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type.   *See, e.g., Siebels, supra; Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tx. 2000).   Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness.   *Winkler,* 266 F.Supp.2d at 514.

**E.     PROCEDURAL REQUIREMENTS FOR REMOVAL**

31.     Allstate notes that its first knowledge or notice of the suit was on January 7, 2014, when it received a copy via electronic delivery from CT Corporation, a copy of which is attached hereto as part of Exhibit A.   The 30-day period in which to remove does not commence running until the defendant is actually served.   Allstate was served with the lawsuit on January 7, 2014. This Notice of Removal is filed on February 28, 2014. While this removal, on its face, is not timely, Allstate has requested and obtained the consent of the Plaintiffs to remove this matter beyond the 30 day removal deadline.   All parties are in agreement that due to the requirement that this matter be tried in federal court, this court is the only court with jurisdiction over this matter.

32.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

33.     Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all

{00867248}

processes, pleadings, and orders served on Allstate to date.

## CONCLUSION

WHEREFORE, Defendant, Allstate Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated:   February 28, 2014.                    Respectfully submitted,

James P. Lagios (Bar Roll No. 511501)
**Iseman, Cunningham, Riester & Hyde, LLP**
9 Thurlow Terrace
Albany, NY 12203
Tel. (518) 462-3000
Fax. (518) 462-4199
Email: jlagios@icrh.com
**LOCAL COUNSEL FOR ALLSTATE**
**INSURANCE COMPANY**

Michael D. Breinin
La. State Bar No. 24315
*Pro Hac Vice Forthcoming*
**Nielsen, Carter & Treas, LLC**
3838 N. Causeway Blvd. Suite 2850
Metairie, LA 70002
Tel. (504) 837-2500
Fax. (504) 832-9165
Email: mbreinin@nct-law.com
**NATIONAL COUNSEL FOR ALLSTATE**
**INSURANCE COMPANY**

{00867248}

10

Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
01/16/2014
CT Log Number 524233296

**TO:**   Maria Maguire
Allstate Insurance Company
888 Veteran Memorial Highway, Suite 300
Hauppauge, NY 11788

**RE:**   **Process Served in New York**

**FOR:**   Allstate Insurance Company (Domestic State: IL)

*0264204686*
*Nat'l Flood Team*
*Hurricane Sandy*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**   Dennis Cajita and Shella Cajita, Pltfs. vs. Allstate Insurance Company, Dft.

**DOCUMENT(S) SERVED:**   Letter, Summonses, Complaint(s), Verification(s)

**COURT/AGENCY:**   Richmond County: Supreme Court, NY
Case # 10197913

**NATURE OF ACTION:**   Insurance Litigation - Policy benefits claimed for property damage received as a result of a Hurricane Sandy on 10/29/2012 - Seeking $36,594.43

**ON WHOM PROCESS WAS SERVED:**   C T Corporation System, New York, NY

**DATE AND HOUR OF SERVICE:**   By Regular Mail on 01/16/2014 postmarked on 01/13/2014

**JURISDICTION SERVED :**   New York

**APPEARANCE OR ANSWER DUE:**   Within 30 days after completion of service

**ATTORNEY(S) / SENDER(S):**   John B. Rosario
Rosales Del Rosario, P.C.
391-01 Main Street, Suite 605
Flushing, NY 11354
718-762-2953

**REMARKS:**   Document underlined to indicate intended entity // Papers were served on the New York State Department of Financial Services on 1/7/2014

**ACTION ITEMS:**   SOP Papers with Transmittal, via Fed Ex Priority Overnight , 797668370904

**SIGNED:**   C T Corporation System
**PER:**   Mara Velasco
**ADDRESS:**   111 Eighth Avenue
13th Floor
New York, NY 10011
**TELEPHONE:**   212-590-9070

Page 1 of 1 / MR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

neopost
01/13/2014
US POSTAGE
$01.32
ZIP 12207
041L12702456

CT Corporation System
Allstate Insurance Company
111 Eighth Avenue
New York NY 10011

NEW YORK STATE
DEPARTMENT of
FINANCIAL SERVICES
ONE COMMERCE PLAZA
ALBANY, NY 12257



NEW YORK STATE
DEPARTMENT *of*
FINANCIAL SERVICES

| Andrew M. Cuomo | Benjamin M. Lawsky |
|---|---|
| Governor | Superintendent |

STATE OF NEW YORK

Supreme Court, County of RICHMOND

101979/13

Dennis Cajita and Shella Cajita                           Plaintiff(s)

against

                                                          Defendant(s)

Allstate Insurance Company

RE : Allstate Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint in the above entitled action on January 07, 2014 at New York, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

    Rosales Del Rosario, P.C.
    John B. Rosario
    39-01 Main Street
    Suite 605
    Flushing, New York 11354

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

    CT Corporation System
    Allstate Insurance Company
    111 Eighth Avenue
    New York, New York 10011

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, January 10, 2014
538603

INSYNC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

DENNIS CAJITA and SHELLA CAJITA,
                                        Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
                                        Defendant.

*OR 01-07-14*

Index No.

*101979 /13*

**SUMMONS**

TO THE ABOVE –NAMED DEFENDANTS:

You are hereby summoned to answer the Complaint in this action and to serve a copy of your
Answer, or, if the Complaint is not served with this Summons, to serve notice of appearance on
the plaintiffs' attorney within twenty (20) days after the service of this Summons, exclusive of
the day of service, where service is made by delivery upon you personally within the State of
New York, or within thirty (30) days after completion of service, where service is made in any
other manner. In case of your failure to appear or answer, judgment will be taken against you
by default for the relief demanded in the Complaint.

Dated:       Queens, New York
             November 25, 2013

                         ROSALES DEL ROSARIO, P.C.

                         By:

                              JOHN B. ROSARIO
             Attorney for plaintiffs Dennis Cajita and Shella Cajita
                         39-01 Main Street, Suite 605
                         Flushing, NY 11354
                         (718) 762-2953

*c/o SUPT OF FINANCIAL SERVICES*
*1 STATE ST*
*NYNY*

*1 ALLSTATE DR*
*FARMINGDALE NY*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

DENNIS CAJITA and SHELLA CAJITA,
                                    Plaintiffs,

        vs.

ALLSTATE INSURANCE COMPANY,
                                    Defendant.

Index No.

101979/13

**COMPLAINT**

Plaintiffs DENNIS CAJITA and SHELLA CAJITA, by their undersigned counsel,

complaining of the defendant, respectfully allege as follows:

1.      Plaintiffs were and still are residents of 481A Father Capodanno Boulevard Place,

Staten Island, NY 10305.

2.      Defendant ALLSTATE INSURANCE COMPANY is a foreign corporation

licensed to operate and do business in the State of New York with offices at 888 Veterans

Memorial Highway, Suite 300, Hauppauge, NY 11788.

3.      Defendant, for a consideration, issued Policy Number 3800559340 naming

plaintiffs as the insured and covering their residence at 481A Father Capodanno Boulevard

Place, Staten Island, NY 10305 for a term of one year from 12/27/2011 to 12/27/2012. Annexed

to the same policy is a Flood Dwelling Policy Endorsement Declaration providing, among other

things, for coverage limits of $250,000.00 and $100,000.00 for said residence's building and

contents, respectively.

4.      Upon information and belief as hereinafter set forth, on or about October 29,

2012, during the onslaught of Hurricane Sandy's heavy rains and high winds and while said

insurance policy was in full force and effect, storm surge/flooding swept across Father

Capodanno Boulevard and inside plaintiffs' insured premises. The water reached a level of

more than 5 feet high inside plaintiffs' residence; blew through their garage door; caused heavy damage to the lower levels of the building; and destroyed or washed away much of everything inside.

5.       Upon information and belief as hereinafter set forth, in the aftermath of Hurricane Sandy's wrath, plaintiffs notified defendant of their loss and filed a claim for insurance benefits amounting to $17,762.43 in structural damages to their insured residence and $29,000.00 for plaintiffs' personal property that was destroyed, washed away or otherwise rendered unserviceable.

6.       At all times relevant hereto, plaintiffs have performed their obligations under the insurance policy and their entitlement to benefits thereunder is clear and unambiguous.

7.       Upon information and belief as hereinafter set forth, defendant sent a check to plaintiffs representing insurance benefits in the amount of only $10,168.00. And, through its letter of February 2, 2013, it refused to honor its obligations under the insurance policy by denying payment of the remainder of plaintiffs' claims upon the erroneous, unfair, vexatious and self-serving supposition that there was limited or no coverage therefor since the flooded portion of plaintiffs' residence constituted a "basement" per the "Flood Dwelling Policy Endorsement Declaration".

8.       Plaintiffs seasonably sought recourse before the Federal Emergency Management Agency (FEMA) to question defendant's denial and, in due course, the same agency, in its letter dated October 11, 2013, found that defendant's above-outlined supposition, upon which it denied plaintiffs' claims, was in error and that the lower portion of plaintiffs'' residence was not a "'basement" as it is not below the ground on all sides.

9.     FEMA directed defendant to re-evaluate its assessment of plaintiffs' loss. However, defendant has neither complied with this directive nor honored its obligations under the insurance policy by releasing the remainder of plaintiffs' insurance benefits to date.

10.     In refusing to pay plaintiffs' claims for their loss under the insurance policy, defendant has breached the terms of the contract between it and plaintiffs.

11.     Defendant's denial of plaintiffs' claims under the policy and its delay in payment thereof are unfair, unreasonable and vexatious as defined by in Section 2601 Insurance Code and other pertinent provisions of the New York Insurance Law.

12.     Defendant's unreasonable and vexatious denial of plaintiffs' claims under the policy and its delay in payment thereof constrained plaintiffs to seek assistance of counsel and incur costs.

WHEREFORE, plaintiffs demand judgment against defendant for defendant to be held liable for the remainder of plaintiffs' insurance claims in the amount of $36,594.43; for plaintiffs' damages in its erroneous, unfair, vexatious and self-serving denial of plaintiffs' valid claims; for payment of attorney's fees together with costs and disbursements of this action; and for such other and further relief as the Court deems just and proper.

Dated :     Queens, New York
            November 25, 2013


                    ROSALES DEL ROSARIO, P.C.


            By:

                    JOHN B. ROSARIO
                    Attorney for Plaintiffs
                    39-01 Main Street, Suite 605
                    Flushing, NY 11354
                    (718) 762-2953

<u>V E R I F I C A T I O N</u>

STATE OF NEW YORK          )
COUNTY OF QUEENS          ) S.S.


    DENNIS CAJITA and SHELLA CAJITA, being duly sworn according to law depose and
state:

    That they are the plaintiffs in the within action;

    That they have both read the foregoing pleading and know the contents thereof to be
true to their own knowledge except as to matters therein stated to be alleged upon information
and belief, and as to those matters, they believe them to be true.


DENNIS CAJITA                                                        SHELLA CAJITA


SUBSCRIBED AND SWORN
to before be this 25  th day
of November 2013


Notary Public

JOHN A. B. ROSARIO
Notary Public, State of New York
Registration #02RO6245368
Qualified in Queens County
Commission Expires July 18, 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Index No.

101979/13

DENNIS CAJITA and SHELLA CAJITA,
                                        Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
                                        Defendant.

**SUMMONS**

TO THE ABOVE –NAMED DEFENDANTS:

**You are hereby summoned to answer the Complaint in this action and to serve a copy of your
Answer, or, if the Complaint is not served with this Summons, to serve notice of appearance on
the plaintiffs' attorney within twenty (20) days after the service of this Summons, exclusive of
the day of service, where service is made by delivery upon you personally within the State of
New York, or within thirty (30) days after completion of service, where service is made in any
other manner. In case of your failure to appear or answer, judgment will be taken against you
by default for the relief demanded in the Complaint.**

Dated:        Queens, New York
              November 25, 2013

                    ROSALES DEL ROSARIO, P.C.

                    By:

                        **JOHN B. ROSARIO**
              Attorney for plaintiffs Dennis Cajita and Shella Cajita
                        39-01 Main Street, Suite 605
                        Flushing, NY 11354
                        (718) 762-2953

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

DENNIS CAJITA and SHELLA CAJITA,
                                        Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,
                                        Defendant.

Index No.

101979/13

**COMPLAINT**

Plaintiffs DENNIS CAJITA and SHELLA CAJITA, by their undersigned counsel,
complaining of the defendant, respectfully allege as follows:

1.      Plaintiffs were and still are residents of 481A Father Capodanno Boulevard Place,
Staten Island, NY 10305.

2.      Defendant ALLSTATE INSURANCE COMPANY is a foreign corporation
licensed to operate and do business in the State of New York with offices at 888 Veterans
Memorial Highway, Suite 300, Hauppauge, NY 11788.

3.      Defendant, for a consideration, issued Policy Number 3800559340 naming
plaintiffs as the insured and covering their residence at 481A Father Capodanno Boulevard
Place, Staten Island, NY 10305 for a term of one year from 12/27/2011 to 12/27/2012. Annexed
to the same policy is a Flood Dwelling Policy Endorsement Declaration providing, among other
things, for coverage limits of $250,000.00 and $100,000.00 for said residence's building and
contents, respectively.

4.      Upon information and belief as hereinafter set forth, on or about October 29,
2012, during the onslaught of Hurricane Sandy's heavy rains and high winds and while said
insurance policy was in full force and effect, storm surge/flooding swept across Father
Capodanno Boulevard and inside plaintiffs' insured premises. The water reached a level of

more than 5 feet high inside plaintiffs' residence; blew through their garage door; caused heavy damage to the lower levels of the building; and destroyed or washed away much of everything inside.

5.      Upon information and belief as hereinafter set forth, in the aftermath of Hurricane Sandy's wrath, plaintiffs notified defendant of their loss and filed a claim for insurance benefits amounting to $17,762.43 in structural damages to their insured residence and $29,000.00 for plaintiffs' personal property that was destroyed, washed away or otherwise rendered unserviceable.

6.      At all times relevant hereto, plaintiffs have performed their obligations under the insurance policy and their entitlement to benefits thereunder is clear and unambiguous.

7.      Upon information and belief as hereinafter set forth, defendant sent a check to plaintiffs representing insurance benefits in the amount of only $10,168.00. And, through its letter of February 2, 2013, it refused to honor its obligations under the insurance policy by denying payment of the remainder of plaintiffs' claims upon the erroneous, unfair, vexatious and self-serving supposition that there was limited or no coverage therefor since the flooded portion of plaintiffs' residence constituted a "basement" per the "Flood Dwelling Policy Endorsement Declaration".

8.      Plaintiffs seasonably sought recourse before the Federal Emergency Management Agency (FEMA) to question defendant's denial and, in due course, the same agency, in its letter dated October 11, 2013, found that defendant's above-outlined supposition, upon which it denied plaintiffs' claims, was in error and that the lower portion of plaintiffs'' residence was not a "basement" as it is not below the ground on all sides.

9.      FEMA directed defendant to re-evaluate its assessment of plaintiffs' loss. However, defendant has neither complied with this directive nor honored its obligations under the insurance policy by releasing the remainder of plaintiffs' insurance benefits to date.

10.      In refusing to pay plaintiffs' claims for their loss under the insurance policy, defendant has breached the terms of the contract between it and plaintiffs.

11.      Defendant's denial of plaintiffs' claims under the policy and its delay in payment thereof are unfair, unreasonable and vexatious as defined by in Section 2601 Insurance Code and other pertinent provisions of the New York Insurance Law.

12.      Defendant's unreasonable and vexatious denial of plaintiffs' claims under the policy and its delay in payment thereof constrained plaintiffs to seek assistance of counsel and incur costs.

WHEREFORE, plaintiffs demand judgment against defendant for defendant to be held liable for the remainder of plaintiffs' insurance claims in the amount of $36,594.43; for plaintiffs' damages in its erroneous, unfair, vexatious and self-serving denial of plaintiffs' valid claims; for payment of attorney's fees together with costs and disbursements of this action; and for such other and further relief as the Court deems just and proper.

Dated :        Queens, New York
               November 25, 2013


                              ROSALES DEL ROSARIO, P.C.


               By:

                              JOHN B. ROSARIO
                              Attorney for Plaintiffs
                              39-01 Main Street, Suite 605
                              Flushing, NY 11354
                              (718) 762-2953

## VERIFICATION

STATE OF NEW YORK     )
                      )  S.S.
COUNTY OF QUEENS      )

DENNIS CAJITA and SHELLA CAJITA, being duly sworn according to law depose and state:

That they are the plaintiffs in the within action;

That they have both read the foregoing pleading and know the contents thereof to be true to their own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters, they believe them to be true.

DENNIS CAJITA

SHELLA CAJITA

SUBSCRIBED AND SWORN
to before be this _25_ th day
of November 2013

Notary Public

JOHN A. B. ROSARIO
Notary Public, State of New York
Registration #02RO6245368
Qualified in Queens County
Commission Expires July 16, 2015